**Ernest CASADOS and Emma J. Casados, his wife, Plaintiffs and Respondents,**

v.

**Peter COVRIG and Susan Covrig, his wife, and United Pacific Reliance Insurance Companies, Defendants and Appellants.**

No. 15926.

Supreme Court of Utah.

May 21, 1979.

Roger A. Livingston, Salt Lake City, for defendants and appellants.

Michael W. Park, Cedar City, for plaintiffs and respondents.

MAUGHAN, Justice:

Before us is an order of the district court awarding to plaintiffs, hereafter Casados, $8,847 in damages, together with costs of court. The order runs against defendants Peter Covrig and Susan Covrig, hereafter Covrig. United Pacific Reliance Insurance Companies were not parties to the litigation. We affirm in part, but remand for an evidentiary hearing to determine the value of the land which could not be irrigated because of the failure of Covrig to convey sufficient water to irrigate the full eighty acres.

---

**3.** See *Westinghouse Electric Supply Co., v. Paul W. Larsen, Contractor, Inc.,* Utah, 544 P.2d 876 (1975).

Covrig was not present at trial, nor did Covrig produce any witnesses. The testimony of Casados and that of a Mr. Buhler, a real estate agent, together with the exhibits adduced by Casados, are undisputed.

The earnest money receipt and offer to purchase, executed in July of 1970, provided for the purchase of eighty acres of irrigated farm land. Evidence was adduced to show the amount of water required to irrigate an acre of land to be four acre feet. There was evidence showing the cost of one share of water, which is composed of four acre feet, to be $1,200.

The trial court had before it the contract which set forth a total purchase price of $26,500. For this amount Casados was to receive eighty acres of irrigated land, and the amount of water necessary to irrigate it would have been 320 acre feet.

Prior to the execution of the Earnest Money Receipt and the resulting Uniform Real Estate Contract, viz., in March of 1970 Covrig had sold 120 acre feet of the water he had theretofore used on the land. This was not made known to Casados at the time Covrig contracted to sell him the eighty acres of irrigated farm land. It did not become known to him until the state engineer informed him he was using more water on the land than that to which he was entitled—about two years later.

Relative to this aspect of the matter, Covrig cites to us 73-1-10, the statute requiring recordation of instruments conveying water rights, with the County Recorder. The statute provides such recordation imparts notice.

 His claim is, by law, Casados had notice of the sale of 120 acre feet of water because of the recordation in March 1970. Under these circumstances, Covrig could not avail himself of this statute to vary the terms of a contract he made in July 1970.

The trial court found the contract to provide for eighty acres of irrigated land at a total price of $26,500. Also, in 1970 this irrigated land was worth $330 per acre; Casados received only 45.7 acres of irrigated land; and such had a total value of $15,081. In addition, the 34.3 acres of land for which there was no water had a value of $75 per acre, amounting to $2,572.50, resulting in a total value for the irrigated and unirrigated land of $17,653.50. Consequently, the court concluded Casados had suffered damage in the sum of $8,847, the difference between the purchase price and the value of the land actually received.

With the exception of the finding assigning a $75 value per acre to the unirrigated land, all are supported by credible evidence. The excepted finding is challenged by appellant on the ground it is not specifically supported by the evidence. We agree.

The evidence sustains the trial court in the other aspects of this matter. Consequently, we remand for an evidentiary hearing for the purpose of specifically determining the value of the acreage for which Casados did not receive the water he contracted to buy.[1]

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.

---

1. *Johnson v. Hughes*, 120 Utah 50, 232 P.2d 362 (1951).